IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EAGLE BULK PTE LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. *1:20-cv-557* |
| | ) |
| SALT SOURCE, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Eagle Bulk Pte. Ltd. ("Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendant Salt Source, LLC ("Defendant") alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation, or business entity in the nature of a corporation, organized and existing under the laws of Singapore. Plaintiff is engaged in the business of providing transportation services via ocean shipping.

2. Defendant is a foreign corporation, registered to conduct business in the State of Alabama, with its principal place of business in Minnesota.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is properly exercised pursuant to 28 U.S.C. § 1332. Plaintiff is a foreign corporation, or business entity in the nature of a corporation, organized and existing under the laws of Singapore. Defendant is a corporate citizen of Minnesota (corporate formation and principle place of business). Thus, the parties are diverse.

4. Furthermore, this dispute concerns a breach of contract in the amount of $309,312.63 (as near as same can presently be estimated), so the amount in controversy requirement is met.

5. Venue is appropriate in this District, inasmuch as a substantial part of property that is the subject of the action is situated in the District. 28 U.S.C. § 1391(b).

**FACTS**

6. Plaintiff is engaged in the business of providing transportation services via ocean shipping.

7. Plaintiff and Defendant entered into a Contract of Affreightment (COA) dated January 10, 2020, the terms of which called for shipment of four (4) cargoes of salt. The shipments were to be "fairly evenly spread between March / December 2020," pursuant to the agreed rate and terms of the COA.

8. Defendant only nominated one cargo for shipment under the COA. Despite notice and Plaintiff's ability to perform under the COA, Defendant failed to nominate the balance of the cargoes contemplated by the COA.

9. As a direct and proximate result of this breach of the COA, Plaintiff has been damaged in the following manner: (1) $44,312.63 for services provided vis-à-vis the M/V GLADIATOR; (2) $265,000 arising from Defendant's failure to nominate cargo for a second lifting under the COA; (3) costs and expenses associated with the foregoing – including attorney's fees, and (4) other damages which will be demonstrated at the arbitration of this matter.

10. The COA calls for disputes arising therefrom to be resolved by arbitration in New York conducted under the Arbitration Rules of the Society of Maritime Arbitrators. Plaintiff has invoked the arbitration clause and demanded arbitration; each party has nominated an arbitrator to

the panel and the two arbitrators have agreed on a third. The panel is thus fully formed, and arbitral proceedings are – or soon will be – underway.

11.  Plaintiff demands security in aid of arbitration, and seeks pre-judgment attachment of Defendant's property located in this District; to wit, 9,373.11 metric tons of salt located at Millard Maritime's Terminal in Theodore, Alabama.[1]

### FIRST CAUSE OF ACTION:
### WRIT OF ATTACHMENT FOR DAMAGES / SECURITY IN AID OF ARBITRATION

12.  Plaintiff repeats and re-alleges paragraphs 1 through 11 set out hereinabove.

13.  Plaintiff performed all conditions precedent, or was otherwise willing, ready and able to do so, according to the above-described COA.

14.  Defendant breached the COA by its failure to perform as required thereunder.

15.  As a direct and proximate result thereof, Plaintiff has suffered damages in the amount of $309,312.63, as near as same can presently be estimated.

16.  The parties will arbitrate their dispute as required by the COA.

17.  Plaintiff demands security in aid of arbitration to secure the debt and/or damages caused by Defendant's breach of the COA. The use of pre-judgment (arbitral) attachment is appropriate. *See* Fed. R. Civ. P. 64 ("Seizure of Person or Property"); *see also* Ala. Code § 6-6-120 ("In Aid of Pending Action").[2]

---

[1] The market value of the commodity is $33.00/metric ton. The attachment of 9,373.11 metric tons will provide security for the damages claimed by Plaintiff. (9,373.11 metric tons x $33.00/metric tons = $309,312.63).

[2] Ala. Code § 6-6-120 provides:

> When an action has been commenced by the filing of a complaint, whether a summons has been executed or not, the plaintiff, his agent, or attorney may, at any time before judgment, sue out an attachment in aid of such action, upon making affidavit and giving bond, as is required in the issue of original attachments, and all proceedings on such attachments must be conducted as are proceedings on original attachments. Such attachment may be sued out in any case in which an

18. Pursuant to Ala. Code § 6-6-41, attachments may issue:

(1) To enforce the collection of a debt, whether it be due or not, at the time the attachment is taken out;

(2) For any moneyed demand, the amount of which can be certainly ascertained;

(3) To recover damages for a breach of contract, when the damages are not certain or liquidated; or

(4) When the action sounds in damages merely.

19. Filed simultaneously herewith is a Motion to for Writ of Attachment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. That process in due form of law issue, causing the Defendant to appear and answer all matters as aforesaid;

2. That Writ of Attachment issue, directing the U.S. Marshall to seize, levy and hold that certain property of Defendant now located in this District; to wit: 9,373.11 metric tons of salt located at Millard Maritime's Terminal in Theodore, Alabama; and,

3. For all other, further and different relief which justice may so require.

Respectfully submitted this 19th day of November 2020.

                Respectfully submitted,

                */s/ **John P. Kavanagh, Jr.***
                JOHN P. KAVANAGH, JR.
                CHRISTINE N. BURNS
                THOMAS W. GRIFFIN
                Attorneys for Plaintiff Eagle Bulk PTE LTD

---

original attachment may be sued out and may be issued by the officer having authority to issue original attachments.

**OF COUNSEL**

Burr & Forman LLP
11 North Water Street
Suite 22200
Mobile, AL  36602
Tel: (251) 345-8246
Fax:  (251) 706-2408
Email: jkavanagh@burr.com
          cburns@burr.com
          tgriffin@burr.com